# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1005V
UNPUBLISHED

| | |
|---|---|
| MICHAEL KING, | Chief Special Master Corcoran |
| Petitioner, | Filed: February 5, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Uncontested; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Christine Mary Becer, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On July 15, 2019, Michael King filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine administered on December 6, 2017. Petition at 1. The case was assigned to the Special Processing Unit ("SPU").

On January 13, 2021, I issued a Fact Ruling finding that there is preponderant evidence to establish the flu vaccine alleged as causal was more likely than not administered in Petitioner's left shoulder. ECF No. 25 at 5. Respondent was thereafter

---

[1] Because this unpublished fact ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the fact ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

ordered to file a status report concerning how he intended to proceed in this case or a Rule 4(c) Report by February 5, 2021. *Id.*

Respondent filed his Rule 4 report on February 5, 2021, indicating that, although he "reserves his right to a potential appeal of this factual ruling,"[3] Respondent "accepts this ruling as the law of the case for purposes of further proceedings…." Rule 4 Report at 2 n1, 4.  Further, Respondent stated that DICP "will not continue to contest that [P]etitioner suffered [a] SIRVA as defined by the Vaccine Injury Table." *Id.* at 4. Respondent adds that "based on the record as it now stands and subject to his right to appeal the Findings of Fact, [R]espondent does not dispute that [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Additionally, respondent clarifies that he is not waiving "any defenses that [he] may assert in the damages phase."  Rule 4 Report at 4 n.2.